**Robert Carroll WARREN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37635.**

Court of Criminal Appeals of Texas.

Feb. 3, 1965.

No attorney of record on appeal for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Ronald J. Blask, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is burglary; the punishment, 2 years.

The indictment alleged that appellant and one Alvin Eugene Harris broke and entered a house occupied and controlled by Roscoe Bayless with intent to commit theft. Appellant was tried separately.

The state called as witnesses:

Roscoe Bayless, the principal of the Milby Senior High School, who had custody and control of the school building and the property within the building.

Carter Sylesteine, employed by the School District as custodian of Milby High School.

A. N. Biamonti of the Radio Patrol Division of the Houston Police Department, who was dispatched to Milby High School and made an investigation to determine how entry into the building had been gained.

Police Officer V. C. Holiday of the Burglary and Theft Division of the Houston Police Department, who made an investigation which led to the arrest of appellant at the place where he worked.

The appellant made a statement to Officer Holiday which was reduced to writing and signed by him. The statement or confession was shown to have been voluntarily made and complies with the statute, Art. 727 C.C.P., and was admitted in evidence as a voluntary confession. In it appellant stated that he and his companions, Wayne, Danny, Phil and Eugene, were riding together when Phil and Danny said "Let's break into Milby High School." They parked and Phil, Danny and Eugene got out; took two crowbars and screw drivers which were in the back seat and left.

While appellant and his other companion were waiting in the automobile appellant was driving, they saw a police car pull up on the side of the school building "and they had a flashlight and they looked around."

Appellant then backed up the car with the lights off and took a side street and Danny and Wayne "came running * * * with two boxes of candy and a pocket full of money and hopped in * * *." Later, they found Eugene and he "came running * * * and hollering, 'I've got lots of money.' "

From the testimony of the state's witnesses above named, the jury was warranted in finding: that entry was obtained into the school building through an upstairs window, and into the teachers' lounge by breaking the glass out of the door; that the entry was without the consent of the special owner and with intent to steal. Coin operated dispensers in the teachers' lounge were demolished and the coin boxes or their contents were removed.

■ The case was submitted to the jury under the law of principals and the evidence is sufficient to sustain the conviction.

Evidence was offered as to the appellant's mental development and status and the jury was charged on the issue of insanity.

■ The jury rejected the plea of insanity and the evidence sustains the jury's verdict in this regard.

No brief has been filed in appellant's behalf.

We have examined the record and find no error which would warrant reversal.

The judgment is affirmed.